UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE CARLOS GUARDADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CASCADIAN BUILDING MANAGEMENT, LTD., <br><br> Defendant. | CASE NO. C16-0303JLR <br><br> ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs Jose Carlos Guardado and Sixto Alfredo Piccinoni's (collectively, "Plaintiffs") motion to remand (MTR (Dkt. # 13)) and Defendant Cascadian Building Management, Ltd.'s ("Cascadian") motion to dismiss Plaintiffs' complaint (MTD (Dkt. # 14)). Both motions implicate the same issue—whether federal labor law preempts the state labor law on which Plaintiffs base the claims in their amended complaint. The court has considered the submissions of the parties, the

ORDER- 1

appropriate portions of the record, and the relevant law. The court also heard oral argument May 26, 2016. Considering itself fully advised, the court DENIES Plaintiffs' motion to remand, GRANTS Cascadian's motion to dismiss, and DISMISSES Plaintiffs amended complaint with leave to amend within 30 days of the date of this order.

## II. BACKGROUND

This case arises out of Plaintiffs' employment with Cascadian, which began in 2006 and lasted until August 2015. (Am. Compl. (Dkt. # 11) ¶ 2.) Cascadian was a party to a collective bargaining agreement ("CBA") with Service Employees International Union ("SEIU") Local 6 from July 1, 2008, through June 30, 2012 (the "First CBA"), and another CBA with SEIU Local 6 from July 1, 2012, through June 30, 2016 (the "Second CBA"). (McCall Decl. (Dkt. # 6) ¶¶ 3, 7-11; id. at 6-51 ("First CBA"); id. at 53-101 ("Second CBA").) Cascadian employed Plaintiffs as "Janitor[s] and/or Wax Shampooer[s]," and the First CBA and Second CBA (collectively, "the CBAs") covered Plaintiffs during their employment with Cascadian. (McCall Decl. ¶¶ 11-12.) Both CBAs entitled Plaintiffs to time-and-a-half payment for any time worked in excess of eight hours per day. (1st CBA § 3.2; 2d CBA § 3.2.)

Plaintiffs allege that they "frequently worked more than 8 hours in a day" and that upon termination "Cascadian failed to pay Plaintiffs all daily overtime wages owed to them" in violation of RCW 49.48.010. (Am. Compl. ¶ 6, 8.) Plaintiffs further allege that "Cascadian's actions were willfully undertaken with the intent to deprive Plaintiffs of wages owed them" in violation of RCW 49.52.050. (Id. ¶ 10.) Finally, Plaintiffs allege that Cascadian violated RCW 49.52.090. (Id. ¶ 11.) Plaintiffs seek actual damages,

"double damages" pursuant to RCW 49.52.070, and "pre-judgment interest, costs and reasonable attorney fees." (*Id.* at 2.)

Plaintiffs filed their initial complaint in King County Superior Court on February 4, 2016. (McCall Decl. ¶ 13; *id.* at 103-05 ("KCSC Complaint").) Cascadian timely filed a notice of removal on February 29, 2016. (Not. of Removal (Dkt. # 1).) Cascadian based removal on the premise that Plaintiffs' claims arise under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, a federal statute that Cascadian contends confers subject matter jurisdiction on the court and preempts Plaintiffs' state law claims. (*Id.* at 3.) Plaintiffs amended their complaint as of right on March 17, 2016, and filed a motion to remand to King County Superior Court on March 31, 2016. (MTR (Dkt. # 13).) On March 31, 2016, Cascadian filed a motion to dismiss targeting Plaintiffs' amended complaint. (MTD.) Cascadian's motion to dismiss and Plaintiffs' motion to remand have been fully briefed by the parties and are now before the court. (MTD Resp. (Dkt. # 17); MTD Reply (Dkt. # 19); MTR Resp. (Dkt. # 16); MTR Reply (Dkt. # 18).)

### III.   ANALYSIS

A.   **Plaintiffs' Motion to Remand**

  1. <u>Legal Standard</u>

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of actions filed in state court over which federal courts have original jurisdiction is governed by 28 U.S.C. § 1441. The removal statute is strictly construed against removal

jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts "have long imposed the burden of proof on the removing party," which must overcome the "strong presumption" against removal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *see also Gaus*, 980 F.2d at 566. If after removal it appears that the court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

Under the well-pleaded complaint rule, "[f]ederal courts typically may only look to the plaintiff's complaint to determine federal question jurisdiction." *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014). However, under the "complete preemption" doctrine, "when a defendant asserts that a claim is completely preempted, examination of extra-pleading material is permitted." *Id.* Courts look to materials outside the pleadings to see through a plaintiff's "artful pleading," which occurs when the plaintiff attempts to recast federal claims as state claims in order to avoid removal. *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009).

The complete preemption exception applies often in LMRA cases. *See Price v. PSA, Inc.*, 829 F.2d 871, 875 (9th Cir. 1987) (explaining that the complete preemption exception to the well-pleaded complaint rule applies primarily to claims preempted by the LMRA). The LMRA provides exclusive federal jurisdiction "for violation of contracts

//
//
//
//

ORDER- 4

between an employer and a labor organization."[1] 29 U.S.C. § 185(a). Therefore, claims for breach of a CBA are exclusively federal claims under the LMRA.

Additionally, the LMRA has been broadly construed to extend exclusive jurisdiction to state law claims where "resolution of the claims is inextricably intertwined with terms in a labor contract." *Id.* at 1016. Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). In other words, "the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's state law claim" for the LMRA to provide federal jurisdiction over a state law claim. *Id.*; *see also Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001); *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999). Conversely, a state law claim that is "free-standing" and does not turn on the meaning of any CBA provision is not subject to preemption. *See Audette*, 195 F.3d at 1113. Finally,

> [c]auses of action that only tangentially involv[e] a provision of a collective-bargaining agreement are not preempted by section 301. Nor are

---

[1] An assertion of complete preemption is distinct from a standard preemption defense. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule . . . ."). "[T]he plaintiff is the master of the complaint, . . . a federal question must appear on the face of the complaint, and . . . the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id.* (emphases in original).

ORDER- 5

causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract.

*Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748-49 (9th Cir. 1993). In contrast, claims fall under the LMRA when they are based on negotiable state law rights that have in fact been negotiated away in a CBA.

2. <u>The LMRA Preempts Plaintiffs' First Claim and Precludes Remand</u>

Plaintiffs ask the court to remand this case to King County Superior Court because Plaintiffs "make[] no contract claims against Defendant [under] its CBAs," but rather "make[] claims for rights only under . . . RCW 49.48.010" for unpaid overtime wages after termination. (MTR at 2.) The court concludes, however, that Plaintiffs' claim is at its core a claim for breach of CBA provisions that is governed by the LMRA. Plaintiffs' purported statutory basis for their claim, RCW 49.48.010 provides a single, negotiable right that was in fact negotiated in the CBAs. The only plausible claim remaining is one for breach of the CBA provisions, and Plaintiffs cannot avoid LMRA preemption by artfully pleading their CBA claim as a state statutory claim.

To evaluate whether the LMRA preempts Plaintiffs' claim, the court first interprets RCW 49.48.010 to determine whether it provides a right to relief independent of the CBA provisions.[2] The first paragraph of RCW 49.48.010, on which Plaintiffs base their claim, provides that

---

[2] This court's task in interpreting Washington law is to determine how the Washington Supreme Court would decide the issue. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). "[W]hile decrees of 'lower state courts' should be 'attributed some weight . . . the decision (is) not controlling' where the highest court of the State has not spoken on the point." *Comm'r of Internal Revenue v. Bosch's Estate*, 387 U.S. 456, 465 (1967) (quoting *King*

ORDER- 6

> [w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period . . . PROVIDED FURTHER, That the duty to pay an employee forthwith shall not apply if the labor-management agreement under which the employee has been employed provides otherwise.

RCW 49.48.010.[3] Washington courts allow private civil actions for damages under RCW 49.48.010. *See, e.g., Wingert v. Yellow Freight Sys., Inc.*, 50 P.3d 256, 261 (Wash. 2002).

Plaintiffs attempt to avoid preemption by arguing that the plain language of RCW 49.48.010 compels the conclusion that the statute confers two distinct rights on employees in Washington: one to be paid what is owed, and another for that payment to be timely. (MTR Reply at 1-2.) Plaintiffs contend that although the "provided further" clause renders negotiable the right to timeliness, "the employer's duty to pay the employee all wages due him or her for the entire period after discharge" is nonnegotiable. (*Id.* at 2.) Under Plaintiffs' theory, even though the statutory right to timeliness was negotiated in the CBAs and therefore does not apply, the statutory right to be paid "all wages due" remains, and therefore the LMRA does not govern Plaintiffs' claim.

---

*v. Order of United Commercial Travelers*, 333 U.S. 153, 160-61 (1948)); *see also Burns v. Int'l Ins. Co.*, 929 F.2d 1422, 1424 (9th Cir. 1991) ("Decisions by the state courts of appeals provide guidance and instruction and are not to be disregarded in the absence of convincing indications that the state supreme court would hold otherwise."); *In re Elliott*, 446 P.2d 347, 370 (Wash. 1968).

[3] RCW 49.48.010 has two distinct but unnumbered paragraphs. As Plaintiffs agreed at oral argument, the second paragraph, which makes it "unlawful for any employer to withhold or divert any portion of an employee's wages" with certain exceptions, does not apply to their claims. RCW 49.48.010. Except where otherwise specified, the court's references herein to RCW 49.48.010 pertain to only the first paragraph of the statute.

ORDER- 7

The court disagrees with Plaintiffs' construction of the first paragraph of RCW 49.48.010 and concludes that RCW 49.48.010 confers a single right to be timely paid. *See* RCW 49.48.010. The statutory language describing the right is a single sentence that does not parse or separate the right to be paid by a certain time into two separate and distinct rights. RCW 49.48.010 ("[T]he wages due . . . shall be paid . . . at the end of the established pay period . . . ."). Furthermore, the statute expressly does not apply "when workers are engaged in an employment that normally involves working for several employers in the same industry interchangeably" and the employers set up a centralized payment plan. *Id.* Under Plaintiffs' interpretation, this exception would apply not only to the right to timeliness, but also to the right to be paid at all. In other words, certain employees would not have the right to be paid by virtue of a particular working arrangement with their employers. The court declines to adopt Plaintiffs' forced reading that would produce this nonsensical result.

In addition to their plain meaning argument, Plaintiffs also cite *Pillatos v. Hyde*, a Washington Supreme Court case. (*See* MTR Reply at 2 (citing *Pillatos v. Hyde*, 119 P.2d 323, 323 (Wash. 1941)).) Plaintiffs confirmed at oral argument that *Pillatos* is the best authority for their bifurcation of the right conferred by RCW 49.48.010. However, to the extent that *Pillatos* described two rights under the statute, those rights were to timely payment and to be paid in a particular form—namely, "lawful money." *See id.* at 324-25 (holding that a contract providing for payment in shares violated the statutory right to be paid in "lawful money"). The current version of RCW 49.48.010 does not include the right to be paid in "lawful money," *see* RCW 49.48.010, and *Pillatos* therefore does not

ORDER- 8

alter the court's conclusion that the first paragraph of the statute confers a singular right to timely payment.

The court next concludes that the plain language of the statute makes clear that the right to be paid "forthwith" is negotiable. *See* RCW 49.48.010 ("PROVIDED FURTHER, [t]hat the duty to pay an employee forthwith shall not apply if the labor-management agreement under which the employee has been employed provides otherwise."). The "provided further" clause expressly provides that a private agreement can alter the right to timely payment in RCW 49.48.010.[4] Indeed, both parties acknowledge that RCW 49.48.010 provides for at least some degree of negotiability. (*See* MTR Resp. at 6 (arguing that the rights in 49.48.010 are "expressly subject to negotiation"); MTR Reply at 2 (acknowledging that RCW 49.48.010 is "in part

---

[4] The Washington Court of Appeals has indicated that RCW 49.48.010 provides a nonnegotiable right. *See Hisle v. Todd Pacific Shipyards Corp.*, 54 P.3d 687, 697 (Wash. App. 2002) (characterizing several statutory provisions, including RCW 49.48.010, as conferring "substantive, nonnegotiable rights"). However, context reveals that the *Hisle* court's statement applied only to the second paragraph of RCW 49.48.010, which is not at issue here. *See* RCW 49.48.010 ("It shall be unlawful for any employer to withhold or divert any portion of an employee's wages unless the deduction is: (1) Required by state or federal law; or (2) Specifically agreed upon orally or in writing by the employee and employer; or (3) For medical, surgical, or hospital care or service, pursuant to any rule or regulation . . . ."); *see also supra* n.3. *Hisle* refers to RCW 49.48.010 in a block quotation from *United Food*, a prior Washington Court of Appeals decision. *Id.* (quoting *United Food & Commercial Workers Union Local 1001 v. Mut. Ben. Life Ins. Co.*, 925 P.2d 212, 214 (Wash. Ct. App. 1996), *abrogated on other grounds by Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 991 P.2d 1126 (Wash. 2000)). *United Food* acknowledged that RCW 49.48.010 precludes an employer from withholding or diverting an employee's wages "unless specifically authorized to do so." 925 P.2d at 214 (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988)) ("Rights established by state law are nonnegotiable when state law does not permit them to be waived, alienated, or altered by private agreement."). This reference points to the second paragraph of RCW 49.48.010, which proscribes "withhold[ing] or divert[ing]" an employee's wages. RCW 49.48.010. In contrast to the first paragraph of RCW 49.48.010, the second paragraph lacks the "provided further" clause indicating the negotiability of the employee's right, and thus *Hisle* and *United Food* are consistent with this court's interpretation.

ORDER- 9

negotiable").) The court therefore concludes that RCW 49.48.010 provides a negotiable right to payment of wages by a certain time after termination.

Furthermore, the negotiable state law right provided for in RCW 49.48.010 was in fact negotiated in the terms of the CBAs. Both CBAs include the same overtime provisions. (*See* 1st CBA § 3.2 ("Eight (8) hours per day, forty (40) hours per week and five (5) days per week shall constitute a regular workday and workweek. Except as provided below, time worked in excess of the regular workday or workweek shall be paid at time and one-half (1½ x) the regular rate of pay."); 2d CBA § 3.2 (same).) Further, both CBAs provide the time by which the employer must pay the employee for work completed. (*See* 1st CBA § 4.7(b) ("Paychecks shall be made available to the employee or placed in the mail not later than six (6) office workdays after the close of the pay period. Each employee shall be notified when his/her pay period ends."); 2d CBA § 4.7(b) (same).) The CBAs allow the employer six more office workdays to pay employees than RCW 49.48.010 allows. Because the CBAs "provide[] otherwise," the statutory right to be paid forthwith does not apply to Plaintiffs' claim.[5]

In sum, "[t]he duty to pay an employee forthwith shall not apply if the labor-management agreement under which the employee has been employed provides

---

[5] Because the court concludes that the right conferred by RCW 49.48.010 is negotiable and was negotiated away, and that Plaintiffs' claims therefore proceed under the CBA, it is irrelevant whether a claim under RCW 49.48.010 would require "interpreting" as opposed to merely "looking to" the CBA. *Cf. Alaska Airlines, Inc. v. Schurke*, No. C11-0616JLR, 2013 WL 2402944, at *7-8 (W.D. Wash. May 31, 2013) (holding that the Railway Labor Act did not preempt a nonnegotiable state statutory right because vindication of the right only required "referring to," not "interpreting," a CBA).

otherwise," RCW 49.48.010, and the CBAs here "provide[] otherwise" (1st CBA § 4.7(b); 2d CBA § 4.7(b)). Accordingly, the first paragraph of RCW 49.48.010 does not apply in this case and cannot be a source of Plaintiffs' claims to unpaid overtime wages. Given the content of the complaint, the only remaining sources of law on which Plaintiffs can base their claims to unpaid overtime are the CBAs themselves. The LMRA provides exclusive federal jurisdiction over "state law claims that are based directly on rights created by a collective bargaining agreement." 29 U.S.C. § 185(a). The court therefore concludes Section 301 of the LMRA preempts Plaintiffs' first cause of action and denies Plaintiffs' motion to remand.

### B. Defendant's Motion to Dismiss

Cascadian moves to dismiss on two main grounds: first, that Plaintiffs failed to plead the required factual matter to the meet pleading standards under Federal Rule of Civil Procedure 8, and second, that Plaintiffs failed to exhaust the grievance and arbitration provisions required by the CBAs. (MTD at 1, 5, 9.) The court first presents the legal standard applicable to a motion to dismiss and then analyzes the motion to dismiss on a claim-by-claim basis.

#### 1. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v.*

ORDER- 11

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* at 678. Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

2. Plaintiffs' First Cause of Action: RCW 49.48.010

In the court's analysis of Plaintiff's motion to remand, the court construed Plaintiffs' purported RCW 49.48.010 claim to be a CBA claim that is preempted by the LMRA. *See supra* § III.A.2. This conclusion is largely dispositive on the sufficiency of Plaintiffs' complaint as to Plaintiffs' first cause of action.

To proceed under the LMRA,

> [a]n employee seeking a remedy for an alleged breach of the collective-bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer under § 301(a) of the Labor Management Relations Act.

*Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679, 681 (1981). Plaintiffs allege that "Cascadian failed to pay all wages dues [sic] to Plaintiffs when they ceased work in violation of RCW 49.48.010." (Am. Compl. ¶ 8.) However, because the court construes Plaintiffs' claim to proceed under the CBAs, Plaintiffs must allege that they have exhausted the mandatory grievance and arbitration procedures in the CBAs. *Clayton*, 451 U.S. at 681; (*see also* 1st CBA § XVIII; 2d CBA § XVIII.) Among other requirements, the CBAs state that

> no wage claim may be made by the Union or by an employee on account of claimed violations of this Agreement unless the Union shall file the claim with the Employer within thirty (30) days from the date of receipt of the check that indicates such alleged violation occurred. In any event, a back pay award will not exceed one (1) year.

(1st CBA § 18.3; 2d CBA § 18.3.) Plaintiffs fail to allege that they complied with these requirements. (*See generally* Am. Compl.); *see also Clayton*, 451 U.S. at 681. For this reason, Plaintiffs' first cause of action fails to state a claim.

    3. <u>Plaintiffs' Second Cause of Action: Exemplary Damages</u>

In their second cause of action, Plaintiffs seek exemplary damages under RCW 49.52.070 for Cascadian's alleged violation of RCW 49.52.050, and Plaintiffs also allege Cascadian violated RCW 49.52.090. RCW 49.52.050 provides that

> [a]ny employer . . . who . . . (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower

ORDER- 13

> wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; . . . shall be guilty of a misdemeanor.

RCW 49.52.050. RCW 49.52.070 provides exemplary "double" damages for violations of RCW 49.52.050(1)-(2). RCW 49.52.090 provides that

> [e]very person . . . who takes or receives, or conspires with another to take or receive . . . any part or portion of the wages paid to any laborer, worker, or mechanic . . . in connection with services rendered upon any public work within this state . . . shall be guilty of a gross misdemeanor.

RCW 49.52.090.

The only allegation supporting Plaintiffs' claim under RCW 49.52.050 states that "Cascadian's actions were willfully undertaken with the intent to deprive the Plaintiffs of wages owed them." (Am. Compl. ¶ 10.) This conclusory allegation offers only "a formulaic recitation of the elements of a cause of action" and is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiffs allege no other facts upon which the court may plausibly infer that Cascadian acted "willfully" or "with intent to deprive the employee." RCW 49.52.050; (*see generally* Am. Compl.) Therefore, the court concludes that Plaintiffs fail to state a claim under RCW 49.52.050. The double damages provision in RCW 49.52.070 is dependent on a violation of RCW 49.52.050, *see* RCW 49.52.070, and the court accordingly concludes that claim has not been plausibly alleged either.

The final statute cited in Plaintiffs' second cause of action, RCW 49.52.090, requires that the alleged underpayment be "in connection with services rendered upon any public work within this state." RCW 49.52.090. Plaintiffs do not allege that they ever rendered services "upon any public work," nor do the allegations in the amended

1 complaint give rise to a plausible inference that they did so. (*See generally* Am. Compl.)

2 Therefore, Plaintiffs have also failed to state a claim under RCW 49.52.090.

3 Plaintiffs have failed to state a claim for relief in either cause of action.

4 Accordingly, the court grants Cascadian's second motion to dismiss.

## C. Leave to Amend

When the court dismisses for failure to state a claim, it must grant leave to amend unless amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). Leave to amend may be denied if "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Leave to amend may also be denied if the only additional facts that could cure the defects in a complaint would contradict the allegations in that complaint. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th. Cir. 1990).

Plaintiffs allege few facts in their amended complaint. Moreover, the amended complaint operated on the erroneous assumption that Plaintiffs' claims proceeded exclusively under state law rather than as CBA claims under the LMRA. The court therefore cannot conclude that further amendment would be futile, and the court grants Plaintiffs 30 days to amend their complaint. If Plaintiffs fail to timely amend their complaint or to remedy the pleading deficiencies identified herein, the court may take that failure to indicate that further amendment would be futile.

## IV. CONCLUSION

The court DENIES Plaintiffs' motion to remand (Dkt. # 13), GRANTS Cascadian's motion to dismiss (Dkt. # 14), and DISMISSES Plaintiffs' amended

1  complaint (Dkt. # 11).  The court GRANTS Plaintiffs leave to amend their complaint to
2  remedy the deficiencies identified herein.  If Plaintiffs opt to amend their complaint, they
3  must submit their second amended complaint within 30 days of the date of this order.

   Dated this 1ST day of June, 2016.

                                    JAMES L. ROBART
                                    United States District Judge

ORDER- 16